# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **E.C.-1 and E.M.**

**No. 25-166** (Ohio County CC-35-2024-JA-44 and CC-35-2024-JA-63)

## MEMORANDUM DECISION

Petitioner Father E.C.-2[1] appeals the Circuit Court of Ohio County's January 28, 2025, order terminating his parental rights to E.C.-1 and E.M., arguing that the circuit court erred in terminating his parental rights because a less restrictive dispositional alternative was warranted.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In 2021, prior to the proceedings giving rise to this appeal, the DHS filed an abuse and neglect petition alleging domestic violence, that the mother of E.C.-1 abused substances, the petitioner failed to protect the child from the mother's substance abuse, and the petitioner failed to properly supervise the child. Both parents were adjudicated as abusive and/or neglectful parents of E.C.-1 and were granted post-adjudicatory improvement periods. Importantly, the petitioner's improvement period focused on addressing the petitioner's exposure of the child to inappropriate people and conditions. The circuit court subsequently terminated the mother's parental rights. Despite his representations that he separated from the mother, evidence demonstrated that the petitioner remained in a relationship with her. However, the mother thereafter died from a drug overdose. After the petitioner's substantial compliance with his improvement period, the circuit court returned the child to his custody and, in May 2023, dismissed the petition.

In April 2024, the DHS filed another abuse and neglect petition which gave rise to the instant appeal. The DHS alleged that the petitioner's girlfriend, P.M., had physically abused another child in the household and that the petitioner failed to protect E.C.-1 by exposing him to a person who committed physical abuse of a child. Soon thereafter, P.M. gave birth to E.M., who is the half-sibling to E.C.-1. The DHS then amended its petition to include E.M. as well as allegations that P.M. abused substances, specifically fentanyl, causing E.M. to be born drug affected. The

---

[1] The petitioner appears by counsel John M. Jurco. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif S. Farquharson. Counsel Joseph J. Moses appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because one of the children and the petitioner have the same initials, we use numbers to differentiate them.

DHS once more alleged that the petitioner failed to protect his children by continually exposing them to individuals with substance abuse issues and failing to properly supervise them.

At the adjudicatory hearing that concluded in September 2024, the petitioner stipulated to failing to protect both children from the substance abuse of others despite being afforded services to address this issue in his previous abuse and neglect case. Additionally, the petitioner stipulated to failing to properly supervise both children. The circuit court adjudicated the petitioner as an abusive and neglectful parent of E.C.-1 and E.M. and then addressed the petitioner's pending motion for a post-adjudicatory improvement period. The DHS proffered that despite being required to drug screen three times a week since May 2024, the petitioner participated in only five screens, four of which were positive for marijuana. Additionally, the DHS highlighted that the petitioner remained in a relationship with P.M. even though the circuit court directed that he refrain from being involved with individuals who abuse substances. The circuit court found that the petitioner was "not prepared to fully participate" in an improvement period and explained that it was permitted to "draw adverse inferences on [the petitioner's] decision not to testify." Without this testimony, the court concluded that there was insufficient evidence to show that the petitioner was willing to participate in an improvement period. As such, the circuit court denied his motion.

At the dispositional hearing in December 2024, the petitioner filed a renewed motion for a post-adjudicatory improvement period. The DHS then presented evidence of the petitioner's drug screens, which showed that he participated in only seven out of the ninety-one required screens, six of which were positive for marijuana. When the petitioner was asked why he chose not to fully participate in drug screening, he testified "why would I, when you all are trying to take my child from me? What's the point?" The petitioner also admitted to his continued use of marijuana despite knowing he was required to remain substance free, stating that he would quit only if he was given an improvement period. The petitioner testified that he was willing to participate in an improvement period if one was granted, highlighting how he had maintained employment and proper housing, participated in hearings and multidisciplinary team meetings, and attended supervised visits. However, the DHS presented evidence that while the petitioner attended visits with E.C.-1, he failed to participate in visits with E.M. and was also absent during the child's birth. Additionally, the DHS introduced evidence of the petitioner's prior abuse and neglect case in an effort to demonstrate that by remaining in a relationship with P.M., the petitioner continued to expose the children to inappropriate individuals. The petitioner admitted that he remained in a relationship with P.M. but testified he would separate from her if her parental rights were terminated. However, the circuit court found the petitioner's testimony not credible, highlighting that, in his prior case, the petitioner lied to the court about his relationship with E.C.-1's mother in an attempt to regain custody of E.C.-1. The circuit court found that the petitioner's actions showed "that he learned nothing from the services provided to him" in his prior case. As such, the circuit court found that termination of the petitioner's parental rights was warranted because his "judgment remain[ed] so impaired, despite services being provided to him in the past, and he has repeatedly failed to protect his children[, exposing] them to dangerous situations and persons." Therefore, the circuit court denied the petitioner's motion for an improvement period. Accordingly, the circuit court proceeded to terminate the petitioner's parental rights to both children, finding that there was no reasonable likelihood that he could substantially correct the

conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare.[3] It is from this order that the petitioner now appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner's sole assignment of error asserts that the circuit court erred in denying him an alternative disposition, such as an improvement period or disposition pursuant to West Virginia Code § 49-4-604(c)(5).[4] We disagree. First, West Virginia Code § 49-4-610(2)(B) states that a parent *may* be granted an improvement period if the parent "demonstrates, by clear and convincing evidence, that [he or she is] likely to fully participate in the improvement period." Here, the petitioner willfully failed to participate in drug screens as he missed nearly all of the required screens and repeatedly tested positive for marijuana the majority of those he did attend. The petitioner admitted that he was unwilling to remain substance free unless he was granted an improvement period, further demonstrating adamant noncompliance. Additionally, although the petitioner argues he participated in supervised visitation with E.C.-1, his failure to visit with E.M. cannot be overlooked. The circuit court found that the petitioner's testimony regarding his willingness to participate in an improvement period was not credible and that he showed no improvement as he continued to exhibit poor judgement, findings that we decline to disturb on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Therefore, we conclude that the circuit court did not err in denying the petitioner's motion for an improvement period and proceeding to termination. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely.").

Next, in addressing the petitioner's argument that he should have been granted disposition pursuant to West Virginia Code § 49-4-604(c)(5), we have repeatedly stated that circuit courts are permitted to terminate parental rights without the use of less restrictive alternatives "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child," pursuant to West Virginia Code § 49-4-604(c)(6). *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of

---

[3] The mother of E.C.-1 is deceased. The permanency plan for this child is adoption in his current placement. The parental rights of E.M.'s mother (P.M.) remain intact. The permanency plan for this child is reunification with her mother.

[4] The petitioner argues that the circuit court should have granted him a "dispositional" improvement period. To the extent that the petitioner argues the court should have granted him a post-dispositional improvement period, West Virginia Code § 49-4-610(3)(A) required him to file a written motion. The petitioner instead filed a written motion seeking a post-adjudicatory improvement period, so our review is accordingly limited to whether the court erred in denying him such improvement period.

neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))). According to West Virginia Code § 49-4-604(d), "'[n]o reasonable likelihood that conditions of neglect or abuse can be substantially corrected' means that . . . the abusing adult . . . [has] demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his] own or with help." Here, despite being afforded services to address the petitioner's failure to protect his children from inappropriate individuals, these same conditions of neglect resurfaced less than a year after the dismissal of the prior case. The petitioner also indicated that he remained in a relationship with P.M. despite her substance abuse issues, and the circuit court found that the petitioner's testimony that he was willing to separate from her was not credible, a finding that we again decline to disturb on appeal. As such, ample evidence supports the court's findings that there was no reasonable likelihood that the petitioner could substantially correct the conditions of abuse in the near future. Furthermore, the court found that termination was necessary for the children's welfare, a finding the petitioner does not challenge on appeal. Thus, we conclude that the circuit court did not err in terminating the petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 28, 2025, order is hereby affirmed.

Affirmed.

**ISSUED**: March 3, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4